UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| TYWAN SYKES, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:21-CV-384-RLJ-DCP |
| | ) | | |
| DAVID B. RAUSCH, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 2]. Because Plaintiff is incarcerated, the Court must screen his complaint pursuant to the Prison Litigation Reform Act ("PLRA") to determine whether Plaintiff has stated a justiciable claim. *See* 28 U.S.C. § 1915A. The Court will consider Plaintiff's motion prior to conducting the requisite screening.

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* and supporting documents [Doc. 10] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] will be **GRANTED**.

Because Plaintiff is an inmate at the Blount County Detention Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b). "[T]he dismissal standard articulated" by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Courts liberally construe pro se pleadings filed in civil rights cases and "hold [them] to less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519,

520 (1972). Rather, all that is required is "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 544, 570. Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Id.* Further, "formulaic [and conclusory] recitations of the elements of a . . . claim," which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B. Plaintiff's Allegations

On September 14, 2012, Petitioner pleaded guilty to one count of aggravated statutory rape and two counts of sale and delivery of cocaine in the Blount County Circuit Court and was sentenced to a six-year term of imprisonment in the Tennessee Department of Correction ("TDOC") [Doc. 1 p. 4, 20, and 22]. Neither the plea agreement nor judgment included a requirement that Plaintiff register as a sex offender on the Tennessee Bureau of Investigation ("TBI")'s Sex Offender Registry [*Id.* at 20-26]. Nonetheless, on September 20, 2012, Plaintiff was contacted by a Blount County Sheriff's Office Investigator, Janice Postel, who added Plaintiff to the TBI's Sex Offender Registry over Plaintiff's objection [*Id.* at 4]. Plaintiff subsequently inquired about his registration as a sex offender and was informed by the Blount County Circuit Clerk's Office that if he had to register, the order to do so would be on his criminal judgment [*Id.* at 4-5].

On December 13, 2012, the Blount County Circuit Clerk sent Plaintiff a letter informing him that he would contact the prosecuting attorney to determine if there was an error in Plaintiff's judgment, and that, if so, an amended judgment would be sent to Plaintiff [*Id.* at 5]. No amended judgment was sent to Plaintiff, and therefore, he concluded that he was not required to register as a sex offender [*Id.*].

3

In 2016, shortly after his release from prison, Plaintiff was charged with failing to register as a sex offender and was sentenced to two years in TDOC custody [*Id.* at 5-6]. Thereafter, Plaintiff attempted to file a petition for post-conviction relief in 2019, but both the petition and the subsequent appeal were dismissed as time barred [*Id.* at 6].

Plaintiff then filed a notice with the TBI asking to be removed from the Sex Offender Registry per his plea agreement and judgment, but TBI Director David Rausch notified Plaintiff that his request was denied due to "the fact that [Plaintiff] ha[s] two separate convictions for statutory rape and aggravated statutory rape," which requires him to register annually for life [*Id.* at 15, 29].

Aggrieved, Plaintiff filed the instant action asking the Court to enjoin Defendants from enforcing his placement on the Sex Offender Registry, expunge all records violating the Sex Offender Registry, and to compensate him monetarily [*Id.* at 18-19].

**C.    Analysis**

This is Plaintiff's second § 1983 suit in this Court challenging his placement on the Sex Offender Registry as a result of his 2012 Blount County conviction. On or about June 14, 2021, Plaintiff filed a civil action against Defendant Rausch and other Defendants, alleging that his placement on the Sex Offender Registry violated his constitutional rights. *See Sykes v. Flynn*, 3:21-CV-217-TAV-DCP (E.D. Tenn. June 29, 2021). That case did not survive screening, as the Court found that Plaintiff's claim was time barred, that it failed to allege a cognizable constitutional violation, and that exoneration of an offense is not relief available in a § 1983 action. *Id.*

Plaintiff has now filed a nearly identical lawsuit against an individual named as a Defendant in the prior suit. Therefore, the Court finds that the doctrine of res judicata informs its decision in this case. That doctrine prevents "the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from

4

litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). The doctrine consists of two related concepts: claim preclusion and issue preclusion. *Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. No. 8, 2001); *see also Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998).

> Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation.

*Taylor*, 22 F. App'x at 538-39 (internal citation and citation omitted); *see also, e.g., Doe ex rel. Doe v. Jackson Local Schools School Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011) (noting that claim preclusion requires "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action") (citation omitted); *Vincent v. Warren Cty.*, Ky, 629 F. App'x 735, 740 (6th Cir. 2015) (noting that, for issue preclusion to apply, "the issue raised in the second case must have been raised, actually litigated and decided, and necessary to the court's judgment in the first case").

The instant lawsuit contains allegations that were, or could have been, adjudicated by the Court in the prior lawsuit, which involved the same Defendant as the instant action. Accordingly, the instant lawsuit is, in substance, the same as the one previously dismissed, and the doctrine of res judicata bars this action.

Moreover, even if res judicata did not bar Plaintiff's complaint, it would be subject to dismissal for the same reasons as set forth in the previous action. *See Sykes*, 3:21-CV-217, Doc. 5 (E.D. Tenn. June 29, 2021).

5

Accordingly, Plaintiff's complaint will be **DISMISSED** as frivolous and for failure to state

a claim upon which relief may be granted.

### III.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4.    The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5.    Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6.    The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

ENTERED AS A JUDGMENT
s/ LeAnna R. Wilson
CLERK OF COURT

6